**Margaret Hazel SCHULTZ et vir, Appellants,**

**v.**

**Robert Valentine McKINNEY et ux.,**
**Appellees.**

**No. 14328.**

Court of Civil Appeals of Texas.

Houston.

April 30, 1964.

**82**

Murray B. Mangum, Houston, for appellant.

No appearance for appellee.

BELL, Chief Justice.

The appellees, who are the maternal grandparents of David Lynn Strever, a ten year old boy, filed a petition in the Domestic Relations Court of Harris County asking that they be allowed to adopt the boy. In their petition they alleged that consent of the parents was not necessary because they had voluntarily abandoned the child and left him to the care, custody, control and management of other persons for ten years and had not contributed to his support commensurate with their financial ability to do so for said period. It was then alleged that the Judge of the Juvenile Court had given his written consent. We do not find any such consent in the record except that given in the order or judgment appealed from. The Judge of the Domestic Relations Court was also Judge of the Ju-

venile Court. The order appealed from is signed by the Judge as Judge of the Juvenile Court. The order appealed from is nothing more than one giving his consent to the adoption. The Judge found the parents had voluntarily abandoned the child, and that the father had left him in the care, custody, control and management of other persons for more than two years and had for more than two years failed to support the child in a manner commensurate with his financial ability to do so.

The petition for leave to adopt is pending in the Domestic Relations Court.

■ We are of the view the order is not appealable and the appeal must be dismissed.

■■ Article 46a, Sec. 6, Vernon's Ann. Tex.St., provides that no adoption shall be permitted except with the consent of the living parent or parents of the child, or, with the consent of the Judge of the Juvenile Court if the parents have voluntarily abandoned the child, left it to the care, custody, control and management of other persons for two years or more, or, if the parents have failed for two years or more to contribute substantially to the support of the child commensurate with their financial ability to do so. The effect of this statute is to require the court before whom trial of the adoption proceeding is had to determine whether the requisite consent has been given. This necessitates a determination of the validity of the consent given by a Judge of a Juvenile Court. The validity of the consent depends upon the existence of the facts required by the statute. The existence of the requisite facts is, therefore, an issue in the trial of the adoption proceeding. If, in the Court passing on the petition for adoption, leave to adopt is granted the objecting parent who is a party to the suit may appeal from the final judgment of adoption on the ground that he or she had not consented to the adoption and the facts shown in the adoption proceeding do not authorize consent by the Juvenile Judge.

It may well be that before granting consent a cautious Juvenile Judge will want to determine whether the parents have voluntarily abandoned the child, etc. However, we are of the view that in doing so he is not acting in a judicial capacity.

The appeal is dismissed.